**CARL E. ROSTAD**
**RYAN G. WELDON**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, Montana 59403-3447**
**Direct Line:   (406) 771-2001**
**Phone:   (406) 761-7715**
**FAX:     (406) 453-9973**
**Email:       Carl.Rostad@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**FILED**

MAR 1 9 2014

Clerk, U.S. District Court
District Of Montana
Great Falls

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 13-99-GF-BMM** |
| **Plaintiff,** | |
| **vs.** | **PLEA AGREEMENT** |
| | **(Rule 11 (c)(1)(A),(B)** *Federal Rules of Criminal Procedure*) |
| **HUNTER BURNS CONSTRUCTION, LLC,** | |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by Carl E. Rostad and Ryan G. Weldon, Assistant United States

CER       HB     JES     03.19.14
                          Date

1

Attorneys for the District of Montana, and the defendant, HUNTER BURNS

CONSTRUCTION, LLC, and the company's attorney, John E. Smith, have agreed

upon the following:

1.     **Scope**:   This plea agreement is between the United States Attorney's

Office for the District of Montana and defendant.   It does not bind any other federal,

state or local prosecuting, administrative or regulatory authority, or the United States

Probation Office.

2.     **Charges**:     Defendant, through its authorized representative, agrees to

plead guilty to Count I of the Indictment which charges the crime of Conspiracy to

violate the False Claims Act, in violation of 18 U.S.C. § 286.   The offense charged

in Count I carries a maximum punishment of a \$250,000 fine and a \$400 special

assessment (18 U.S.C. § 3013(a)(2)(B)).   Restitution is mandatory.   The parties

stipulate and agree that \$100,000 is the amount of restitution due and owing the

United States in relation to the count of conviction, 18 U.S.C. 3663A(a)(1) and

(c)(1)(a)(ii), and that restitution and any fine imposed be joint and several with

codefendant, Hunter Burns.

At the time of sentencing, if the plea agreement is accepted by the Court, the

United States will move to dismiss Hunter Burns Construction, LLC, from the

<u>PcW</u>    <u>HP</u>    <u>ES</u>    <u>03.19.14</u>
CER      HBC      JES      Date

2

indictment in *United States v. Tony James Belcourt, et al*, CR-13-82-GF-BMM, and

Counts II and III of this Indictment as against Hunter Burns Construction, LLC.

3.     **Nature of the Agreement**:  The parties agree that this plea agreement

shall be filed and become a part of the record in this case, and will be governed by:

Rules 11(c)(1)(A) & (B), *Federal Rules of Criminal Procedure*.  The

defendant acknowledges that the agreement will be fulfilled provided the United

States moves to dismiss, and the Court agrees to dismiss, Counts II and III of the

Indictment against Hunter Burns Construction, moves to dismiss, and the Court

agrees to dismiss, the defendant corporation from the indictment in *United States v.*

*Tony James Belcourt, et al*, CR-13-82-GF-BMM, does not pursue other charges

against the defendant related to the financial affairs and business transactions of

Hunter Burns Construction between 2009 and December 31, 2012, and makes the

recommendation described in Paragraph 6 below.  The defendant understands that

if the agreement is accepted by the Court there will not be an automatic right to

withdraw the plea.

4.     **Admission of Guilt**:  The defendant will plead guilty because it is in

fact guilty of the charge contained in Count I of the Indictment.  In pleading guilty,

the defendant acknowledges that:

CER     HBC     JES     Date 03.19.14

3

## False Claims Act Conspiracy
## Title 18 U.S.C. § 286

**First,** beginning on or about March 22, 2010, and ending on or about April 18, 2010, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

**Second,** that Hunter Burns Construction, LLC, and its principals, became members of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

5.    **Waiver of Rights by Plea:**

(a)    The defendant corporation has the right to plead not guilty or to persist in a plea of not guilty.

(b)    The defendant corporation has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

(c)    The defendant corporation has the right to be represented by counsel.

(e)    If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant corporation and its defense attorney would have a say in who the jurors would be by removing prospective jurors for

$$\underset{\text{CER}}{\text{RGN}} \quad \underset{\text{HBC}}{/\!\!/\!\!\beta} \quad \underset{\text{JES}}{(\!\!\beta} \quad \underset{\text{Date}}{03.19.14}$$

4

cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant corporation is presumed innocent, and that it could not convict the corporation unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant corporation's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(h)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from

CER        HBC        JES        Date 03.19.14

5

refusal to testify. Or the defendant could exercise the choice to testify on her own behalf.

(i)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(j)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, he is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

6.     **Recommendations**: The United States and the defendant agree to jointly recommend that $100,000 be used for purposes of the advisory guideline calculation under U.S.S.G. §§ 2B1.1(a)(2), 2B1.1(b)(1)(E), and restitution.

The United States and the defendant corporation stipulate that Hunter Burns Construction LLC, as part of the sentencing judgment, be ordered debarred and

CER    HBC    JES    03.19.14<br/>
                                 Date

6

otherwise suspended from participation in any federal government contract or federally funded contract, directly or indirectly, for a period of five years or until the company's name has been removed from the Exclusions Section of the System for Award Management (SAM) of the General Services Administration.

The parties stipulate and agree to recommend to the Court that a total fine of no more, and no less, than $25,000 is the appropriate financial penalty to be assessed against Hunter Burns and Hunter Burns Construction, LLC. This fine will be a joint and several liability between Hunter Burns and Hunter Burns Construction, LLC.

The United States and the defendant are free to make any other sentencing recommendation they deem appropriate.

9. **Sentencing Guidelines**: Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

10. **Complete Appeal Waivers**:

The defendant acknowledges that 18 U.S.C. §3742 affords the corporate defendant the right to appeal the sentence imposed in this case. Provided a fine of no more than $25,000 is imposed, and the other agreed upon terms are adopted by the Court, the defendant corporation waives all right to appeal the sentence imposed.

$$\frac{\text{PGW}}{\text{CER}} \quad \frac{\text{H/B}}{\text{HBC}} \quad \frac{\text{(ES)}}{\text{JES}} \quad \frac{03.19.14}{\text{Date}}$$

7

11.   **Voluntary Plea**:   The defendant and defendant's attorney

acknowledge that no threats, promises, or representations have been made to induce

the defendant to plead guilty, and this agreement is freely and voluntarily endorsed

by the parties.

12.   **Non Prosecution and Dismissal**:   Upon acceptance of this agreement

by the Court, the United States Attorney for Montana shall cause Counts II and III of

the Indictment to be dismissed against Hunter Burns Construction, LLC, and the

indictment in *United States v. Tony James Belcourt, et al*, CR-13-82-GF-BMM, as

against Hunter Burns Construction, LLC.   In addition, the United States will not

pursue other charges against the defendant related to the financial affairs and

business transactions of Hunter Burns Construction between 2009 and December

31, 2012

12.   **Detention/Release Pending Sentencing**:   Provided the defendant

has not previously violated the conditions of pretrial release, the United States will

recommend continued release pending sentencing. 18 U.S.C. § 3143(a)(1) or (2).

13.   **Entire Agreement**: Any statements or representations made by the

United States, the defendant, or his counsel prior to the full execution of this plea

agreement are superseded by this plea agreement.   No promises or representations

have been made by the United States except as set forth in writing in this plea

$\underset{\text{CER}}{\underline{\text{RGW}}}$   $\underset{\text{HBC}}{\underline{\text{HB}}}$ $\underset{\text{JES}}{\text{}}$   $\underset{\text{Date}}{\underline{\text{03-19.14}}}$

8

agreement.   This plea agreement constitutes the entire agreement between the

parties.   Any term or condition which is not expressly stated as part of this plea

agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

(for) CARL E. ROSTAD
Assistant U. S. Attorney

HUNTER BURNS CONSTRUCTION, LLC
Defendant, by Hunter Burns, President

JOHN E. SMITH
Defense Counsel

CER     HBC     JES     03.19.14
                                Date