**VICTORIA L. FRANCIS**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**2601 Second Avenue North, Suite 3200**
**Billings, MT 59101**
**Phone: (406) 247-4633**
**FAX: (406) 657-6058**
**E-mail: Victoria.Francis@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**HUNTER BURNS and HUNTER BURNS CONSTRUCTION, LLC,**<br><br>**Defendant,** | **CR 13-99-GF-BMM**<br><br>**UNITED STATES REPONSE TO DEFENDANT'S OBJECTION TO REQUEST FOR COMBINED INTERROGATORIES AND REQUEST FOR PRODUCTION** |

Comes Now, Victoria L. Francis, Assistant U.S. Attorney, and responds to the Defendant's Objection to Government's Request for Combined Interrogatories and Request for Production filed on November 14, 2017.

Defendant asserts that he should not be required to complete the Interrogatories and Requests for Production issued by the U.S. Attorney's

Office. However, although the Defendant Hunter Burns did provide to the United States Probation Office a Net Worth Statement and Financial Affidavit dated April 5, 2017, the documents did not include a 2016 tax return or any bank statements. It is unknown if all pay stubs were supplied, and those that were supplied reflect receipt of income from construction work and the Box Elder School. It is not known where he is currently employed. Also no information was provided regarding other income that may be coming into the household to help with the joint living expenses, such as income from his spouse.

It is the practice of the U.S. Attorney's Office to obtain updated financial information from a Defendant when he or she is released from supervision. Defendant completed probation in this case in October 2017. Pursuant to 18 U.S.C. § 3612(c) the Attorney General shall be responsible for collection of unpaid fines and restitution. Mr. Burns owes over $118,000 in fines on his criminal judgment. The United States is requesting updated financial information based on its independent responsibility for collection of any remaining balance owed on the judgment. The interrogatories and requests for production require more complete information than that requested by probation.

To establish a monthly payment plan to satisfy the judgment and not cause financial hardship, the U.S. Attorney's Office needs to evaluate Mr. Burns' current and complete financial to set up a payment plan. The authority for civil type discovery for collection of criminal restitution and fines is set forth in the Federal Debt Collection Procedures Act (FDCPA) located at 28 U.S.C. § 3001 et. seq. The FDCPA applies to debts owing to the United States. The term "judgment" is defined by the act to include a judgment, order or decree in favor of the United States in a civil or criminal proceeding. See 28 U.S.C. § 3002(8). The term "debts" is defined under 28 U.S.C. § 3002(3) to include fines, assessments, penalties and, restitution. In addition, 28 U.S.C.§ 3015(a) provides that the United States may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt.

The courts have also upheld application of the Federal Debt Collection Procedures Act to criminal judgments for money owing to the United States. See, *United States v. Coluccio,* 51 F.3d 337, 339 (2nd Cir. 1995); *United States v. Coluccio,* 19 F.3d 1115, 1116-1117 (6th Cir. 1994). See also, *United States v. Bongiorno,* 106 F.3d 1027, 1036 (1st Cir. 1997).

In addition, 18 U.S.C. § 3613(a) and (f) allows for a judgment imposing a fine or restitution to be enforced as a civil judgment. Rule 69(a), Federal Rules of Civil Procedure, allows for discovery to aid in execution from any person including the judgment debtor.

As stated above, the purpose for the discovery is to determine whether Mr. Burns has non-exempt assets or earnings to pay his debt. It is also utilized to determine his underlying living expenses and dependents to determine if he has any funds available for payment over and above his reasonable living expenses. If a Defendant lacks sufficient income to make payments the debt is placed in suspense, and updated financial information is obtained the following year through similar discovery. The Defendant in this case is being treated no differently than all other criminal Defendants who have completed supervised release.

Therefore, the United States requests that the defendant Hunter Burns complete the Combined Interrogatories and Request for Production to determine the collectability of the Judgment imposed against him.

DATED this 28th day of November, 2017.

KURT G. ALME
United States Attorney

/s/ Victoria L. Francis
Assistant U. S. Attorney
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2017, a copy of the foregoing document was served on the following persons by the following means:

| | |
|---|---|
| 1, 2 | CM/ECF |
| | Hand Delivery |
| 3 | U.S. Mail |
| | Overnight Delivery Service |
| | Fax |
| | E-Mail |

1. Clerk, U.S. District Court

2. Joslyn Hunt
   Assistant Federal Defender
   50 W. 14th Street, Suite 1
   Helena, MT 59601

3. Hunter Burns
   P.O. Box 86
   Box Elder, MT 59521

/s/ Victoria L. Francis
Assistant U.S. Attorney
Attorney for Plaintiff